ELECTRONICALLY FILED
2020 Jun 16 PM 1:54
CLERK OF THE MIAMI COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000058

IN THE DISTRICT COURT OF MIAMI COUNTY, KANSAS

RICKEY RAY GILES, JR.,

    Plaintiff,

vs.

    Case No. _____
    Court No. _____
    K.S.A. Chapter 60

DOHERTY STEEL, INC.,
a Kansas corporation,

    Defendant.

## PETITION FOR DAMAGES PURSUANT TO K.S.A. CHAPTER 60

Plaintiff Rickey Ray Giles, Jr. ("Giles"), for his Complaint against defendant Doherty Steel, Inc. ("Doherty Steel"), states and alleges as follows:

1. Plaintiff Giles is an individual and resident of Paola, Kansas.

2. Defendant Doherty Steel is a Kansas steel fabrication and erection company, authorized to do business in Kansas.

3. Jurisdiction and venue are properly placed inasmuch as all transactions and occurrences relevant to plaintiff's cause of action occurred in this judicial district.

4. This court possesses subject matter jurisdiction inasmuch as plaintiff's principal claims arise out of both federal and Kansas law, and plaintiff further possesses a Notice of Right to Sue issued to him by the Equal Employment Opportunity Commission dated March 27, 2020.

## COUNT I: DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

5. Plaintiff Giles incorporates each of the foregoing allegations, and further states as follows.

6. Plaintiff successfully performed all his duties at a satisfactory level throughout the duration of his active employment with defendant for over 10 years.

7. Plaintiff is recognized as possessing one or more disabling conditions, including an injury to his lower back, caused while in his workplace environment.

8. In or around early September, 2019, Defendant's supervision Codi Claiter and Josh Cooper, were advised of plaintiff's disabling condition and his request for reasonable accommodation.

9. Plaintiff was discriminated against and victimized by defendant Doherty Steel, by and through the actions or inactions of his supervision Codi Claiter and Josh Cooper.

10. Due to the workplace injury plaintiff sustained and his resultant protected medical condition, Mr. Giles was required to take a protected Leave of Absence for the remainder of September, 2019.

11. Plaintiff was thereafter subjected to unlawfully discriminatory treatment as regarded the terms and conditions of his employment as a result of his disabling conditions, and/or his request for accommodation.

12. Ultimately, plaintiff Giles was notified that his employment relationship was terminated by defendant Doherty Steel on or about September 30, 2019.

13. Plaintiff was effectively discharged from his employment by defendant as a direct and proximate result of his protected disabling conditions and/or his need for reasonable

      accommodation arising from the same.

14. The actions of defendant as set forth in the preceding paragraphs were unlawful, discriminatory violations of plaintiff's rights to be free from disability discrimination as guaranteed plaintiff pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.

15. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Giles has incurred actual and compensatory damages in a total amount exceeding $75,000.00, together with punitive damages due to the malicious and/or reckless actions of defendant in an amount exceeding $75,000.00.

16. Plaintiff Giles further is entitled to an award of his reasonable attorney's fees.

WHEREFORE, plaintiff Giles prays for the Court's order against defendant Doherty Steel granting him judgment for his actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for prejudgment interest, together with such other relief as the Court deems proper.

### COUNT II: RETALIATION IN VIOLATION OF ADA

17. Plaintiff Giles incorporates each of the foregoing allegations, and further states as follows.

18. Plaintiff successfully performed all his duties at a satisfactory level throughout the duration of his active employment with defendant for over 10 years.

19. Plaintiff is recognized as possessing one or more disabling conditions, including an injury to his lower back, caused while in his workplace environment.

20. In or around early September, 2019, Defendant's supervision Codi Claiter and Josh Cooper, were advised of plaintiff's disabling condition and his request for reasonable accommodation.

21. Plaintiff was discriminated and retaliated against by defendant Doherty Steel, by and through the actions or inactions of his supervision Codi Claiter and Josh Cooper.

22. Due to the workplace injury plaintiff sustained and his resultant protected medical condition, Mr. Giles was required to take a protected Leave of Absence for the remainder of September, 2019.

23. Plaintiff was thereafter subjected to unlawful, retaliatory treatment as regarded the terms and conditions of his employment as a result of his disabling conditions, and/or his request for accommodation.

24. Ultimately, plaintiff Giles was notified that his employment relationship was terminated by defendant Doherty Steel on or about September 30, 2019.

25. Plaintiff was effectively discharged from his employment by defendant as a direct and proximate result of his protected disabling conditions and/or his need for reasonable accommodation arising from the same, which constituted unlawful acts of retaliation.

26. The actions of defendant as set forth in the preceding paragraphs were unlawful violations of plaintiff's rights to be free from disability-based retaliation as guaranteed plaintiff pursuant to the ADA, 42 U.S.C. 12101 et seq.

27. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Giles has incurred actual and compensatory damages in a total amount exceeding $75,000.00, together with punitive damages due to the malicious and/or reckless actions of defendant in an amount exceeding $75,000.00.

28. Plaintiff Giles further is entitled to an award of his reasonable attorney's fees.

WHEREFORE, plaintiff Giles prays for the Court's order against defendant Doherty Steel granting him judgment for his actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for prejudgment interest, together with such other relief as the Court deems proper.

### COUNT III: RETALIATION IN VIOLATION OF KANSAS PUBLIC POLICY

29. Plaintiff Giles incorporates each of the foregoing allegations, and further states as follows.
30. Plaintiff successfully performed all his duties at a satisfactory level throughout the duration of his active employment with defendant for over 10 years.
31. Plaintiff incurred one or more injury conditions, including a back injury, caused while performing his assigned duties within defendant's workplace.
32. Plaintiff properly notified his supervision and/or defendant's human resources personnel of his work-related injury condition at or after the point of injury.
33. Pursuant to Kansas law, plaintiff Giles was protected from retaliation against him by defendant in both the reporting of his workplace injury, the taking of any necessary leave time in order to seek treatment and/or recover from his workplace injury, as well as the making of any claim for workers compensation benefits as against defendant.
34. Due to the workplace injury plaintiff sustained, Mr. Giles was required to take a protected leave of absence in September, 2019.
35. Plaintiff sustained retaliatory treatment from defendant, culminating in his unlawful, retaliatory discharge from employment with defendant.

5

36. Plaintiff was discharged from his employment by defendant as a direct and proximate result of his work-related injury.

37. The actions of defendant as set forth in the preceding paragraphs were unlawful, retaliatory violations of plaintiff's rights under Kansas law and public policy.

38. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Giles has incurred actual and compensatory damages in a total amount exceeding $75,000.00, and is further entitled to punitive damages due to the malicious and/or reckless actions of defendant in an amount exceeding $75,000.00.

39. Plaintiff Giles further is entitled to an award of prejudgment interest arising from defendant's unlawful actions.

WHEREFORE, plaintiff Giles prays for the Court's judgment in his favor as against defendant Doherty Steel for his actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for prejudgment interest, together with such other relief as the Court deems proper.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

/s/ Albert F. Kuhl
Albert F. Kuhl   #12478
15700 College Blvd., Suite 102
Lenexa, Kansas  66219
Tel.:  913.438.2760
Fax:   913.327.8492
Email: Al@KCjoblawyer.com
ATTORNEY FOR PLAINTIFF

7

ELECTRONICALLY FILED
2020 Jun 16 PM 1:54
CLERK OF THE MIAMI COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000058

Rickey Giles

vs.

Doherty Steel, Inc.

## SUMMONS

To the above-named Defendant/Respondent:

**Doherty Steel, Inc.**
**Dennis G. Doherty (Registered Agent), 21110 W. 311th**
**Paola, KS  66071**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Albert Frederick Kuhl
15700 College Blvd. Ste 102
Lenexa, KS 66219

within 21 days after service of summons on you.

*[signature: Donna Setter]*

Clerk of the District Court
Electronically signed  on 06/16/2020 02:09:28 PM

**Documents to be served with the Summons:**
PLE: Petition Petition For Damages Pursuant To K.S.A. Chapter 60